IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

## STATE OF TENNESSEE v. BRANDON D. WASHINGTON

**Appeal from the Criminal Court for Shelby County**
**No. 10-04054, 10-05254   J. Robert Carter, Jr., Judge**
_____

**No. W2016-00413-CCA-R3-CD  -  Filed June 9, 2017**
_____

The defendant, Brandon D. Washington, appeals as of right from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The basis for the defendant's appeal is the trial court's alleged failure to accurately apply pretrial jail credits and other credits. Following our review, we conclude that the defendant failed to state a colorable claim and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Brandon Washington, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Eric Christensen, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 1, 2011, the defendant pled guilty in indictment No. 10-04054 to aggravated assault, intentionally evading arrest in a motor vehicle, and unlawful possession of marijuana with intent to sell, for which he received an effective three-year sentence. The defendant also pled guilty in indictment No. 10-05254 to unlawful possession of Oxycodone with intent to sell, unlawful possession of Alprazolam with intent to sell, and unlawful possession of marijuana with intent to sell, for which he received an effective sentence of three years. Additionally, per the terms of the plea

agreement, the sentences in the two indictments were to be served consecutively for an overall effective sentence of six years in confinement. On September 21, 2011, the defendant's sentence was suspended, and he was placed on probation for a term of six years. The defendant subsequently violated the terms of his probation and was ordered to serve his six-year sentence in confinement.[1]

On January 26, 2016, the defendant filed a "Motion for Correction of Sentence" in which he argued, among other issues, that his sentence is illegal because he was not credited with sufficient pretrial jail credits. On February 3, 2016, the trial court entered an order denying the defendant's motion finding the defendant failed to state a colorable claim.

The defendant timely appealed the trial court's decision. On appeal, the defendant contends he has been deprived of pretrial and "good behavior" credits. He also argues he is entitled to credit toward his sentences for the time he served on probation. Additionally, the defendant raises various constitutional issues including the right to bond in another matter and ineffective assistance of counsel. The State argues the defendant's claims do not entitle him to relief under Tennessee Rule Criminal Procedure 36.1. Upon review of the record and the briefs, we agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

The basis for the majority of the issues raised by the defendant on appeal is that his sentence is illegal because he was not credited with sufficient pretrial jail credits. In *State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015), our Supreme Court addressed the issue of whether the failure to award pretrial jail credits constituted a "colorable claim"

---

[1] Neither the revocation warrant nor the order revoking the defendant's probation is included in the appellate record. However, based on the trial court's order summarily dismissing the motion to correct an illegal sentence and the briefs of the parties, it appears that the revocation warrant was issued on June 9, 2015, and the trial court entered an order revoking the defendant's probation on July 17, 2015.

for the purpose of Rule 36.1. The Court observed that while "pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." *Id.* (emphasis in original). The Court opined that a litigant wishing to challenge the award of pretrial jail credits was entitled to raise the issue on direct appeal. *Id.* at 212-13. However, the Court ultimately concluded that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Id.* at 213 (emphasis in original). To the extent the defendant contends his sentence is illegal due to the improper application of pretrial jail credits, he has not asserted a colorable claim under Rule 36.1 and is not entitled to relief.

Next, the defendant contends his sentence is illegal because his first three year sentence has expired. More specifically, the defendant argues that he should have been awarded credit for the time he served on probation. However, as the State correctly notes in its brief, the time served on probation does not count toward completion of a sentence unless the defendant successfully completes the entire probationary term. *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999). According to the defendant's brief and the order of the trial court, the violation of probation warrant was filed on June 9, 2015, prior to the expiration of his first three-year sentence. We conclude, therefore, that the trial court had the authority to reinstate the defendant's original six-year sentence upon the revocation of his probation. The defendant is not entitled to relief on this issue.

In addition, the defendant alleges various claims related to constitutional violations, entitlement to bond in another case, and ineffectiveness of counsel. These types of claims do not render his sentences illegal. *See State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citations omitted) (finding the defendant did not raise a colorable claim for relief under Rule 36.1 when the defendant alleged mere appealable errors, meaning "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and those which "involve attacks on the correctness of the methodology by which a trial court imposed [the] sentence," rather than fatal errors). Moreover, errors implicating constitutional rights render judgments voidable, not void, and are not colorable claims pursuant to Rule 36.1. *State v. Taylor*, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016). The defendant is not entitled to relief on this basis.

Finally, to the extent the defendant raised additional issues in his appellate and reply briefs, those issues have been waived due to his failure to cite supporting authorities. Tenn. R. App. P. 27(a)(7)(A). The defendant is not entitled to relief on any basis asserted on appeal.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgement or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE

4